IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR WILSON, : | |
|     Plaintiff, : | CIVIL ACTION NO. 22-CV-00949 |
| v. : | |
| CHESTER TOWNSHIP POLICE : | |
| DEPARTMENT, et al, : | |
|     Defendants. : | |

**REPLY MEMORANDUM OF DEFENDANTS, CHESTER TOWNSHIP, CHIEF COALSON, SERGEANT DIXON, OFFICER RAYMOND M. LARE, OFFICER MERRIT J. HARMAN AND TAMARA PADEN, TO PLAINTIFF'S RESPONSE TO MOVING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden, by and through their attorneys, Holsten Associates, P.C. and Suzanne McDonough, Esquire, hereby submit this reply Memorandum of Law in response to Plaintiff's Response to opposition to the pending Motion to Dismiss the Amended Complaint and state as follows:

**I.     RELEVANT PROCEDURAL HISTORY**

This action purports to arise under 42 U.S.C. §1983 against Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden. The pro se Plaintiff filed his pro se Complaint on March 7, 2022. (Doc. 1). Defendants filed a Motion to Dismiss the Complaint on July 18, 2022. (Doc. 8). Plaintiff filed an untimely Amended Complaint without leave of Court more than a month later on August 23, 2022. (Doc. 10). In the proposed Amended Complaint, Plaintiff, without consent or leave of Court, named in addition to the original six Defendants, five more proposed parties, Pasquale Storace, Jerome Kinard, Officer Rattman, Officer Davenport and Assistant District Attorney Christopher Dirosato. According to Wilson, despite the expiration of the statute of limitations on his claims

from 2017 to 2019, he indicates that he proceeds under a theory of "continuing violations" which he believes applies if you have a history with the police department or continuous arrests. After the Plaintiff filed his Amended Complaint on August 23, 2022 (Doc. 10) without leave of Court or consent of the Defendants, this Court, the next day on August 24, entered an Order that the Motion to Dismiss the Complaint then pending was moot in light of the Amended Complaint. (Doc. 11). Subsequently, Defendants filed a Motion to Dismiss the Amended Complaint on August 25, 2022 (Doc. 12), which is currently pending before the Court. Plaintiff did not respond to the Motion, but on September 21, 2022, Plaintiff filed another untimely Motion to Amend the Amended Complaint without leave of Court or consent of the Defendants (Doc. 13), which Motion was opposed by the Defendants who filed their response on October 12, 2022 (Doc. 15) and which Motion of Plaintiff is presently pending. On November 2, 2022, well outside the permitted time to respond to the Motion to Dismiss the Amended Complaint, Plaintiff filed a response in opposition. (Doc.16).

## II. ARGUMENT

### A. THE RESPONSE TO THE MOTION TO DISMISS THE AMENDED COMPLAINT BY PLAINTIFF IS UNTIMELY AND SHOULD NOT BE CONSIDERED

Local Civil Rule 7.1(c) provides that an opposing party has 14 days after a motion is filed to timely respond to the motion. In this case, the Motion to Dismiss the Amended Complaint was filed on August 25, 2022 and the Plaintiff did not respond to the Motion until November 2, 2022, more than two months later and even now without a substantive response. In the disjointed Memorandum of Plaintiff, he appears to excuse his delays in suing the right people or arguing to further expand his pleadings or defendant list by referencing a criminal case not referenced in his prior pleadings, CP-23-CR-0005294-2019, in which he reports he was acquitted

of all charges on February 1, 2021. Presumably, Plaintiff believes that he is entitled to further amend the Complaint or add parties based on this acquittal but is unclear as to who he wishes to implicate as a result of that criminal case disposition or who, other than those he has already sued, were involved in that case. Clearly, Plaintiff is of the belief that the fact that two years from that date in 2021 has not yet expired, this enables him to extend his statute of limitations as to the defendants he has sued in this case for all matters going back multiple years as well as those whom he sought to add in his pending Motion to Amend.

      B.     **THE REQUEST TO AMEND WAS UNTIMELY AND NOT IN CONFORMITY WITH RULE 15**

In his opposition to the defense Motion to Dismiss the Amended Complaint, Plaintiff once again sets forth his position that if you are arrested by a jurisdiction and have a case pending against it, that any further arrests or prosecutions may be challenged through that case despite the bar of the statute of limitations. The Moving Defendants have already set forth the legal argument against his position in the response to his Motion to Amend the Complaint to add five more defendants. It appears with the response, he is requesting to add an arrest and prosecution for another case in 2019 which details are not set forth but simply the Court of Common Pleas docket number which does not appear in a unified judicial system search. It is noteworthy that in the criminal matter for the first time referenced in the response, Plaintiff indicates that he was acquitted of those charges on or about February 2, 2021, which was before he even filed this lawsuit. The dilatory conduct of this Plaintiff is demonstrated by his failure to raise any claims about that case that was disposed of six months before he even filed the lawsuit so as to argue that the statute did not run on any of his claims and he can now raise issues from it in this lawsuit not previously raised. His excuse for not raising the issues properly and for which he believes tolling the statute of limitations is appropriate is that he states that he was continuing

to research to make sure that an injury occurred. It is impossible to decipher the who-what-where and when involved in this case in Plaintiff's pleadings or responses, but it is clear that he is either unwilling or unable to delineate his causes of action and basis for suing the defendants. The statute of limitations is a bar to all of his claims other than the arrest on October 31, 2020 for which he is awaiting trial on February 14, 2023. The Moving Defendants have set forth the legal arguments on this issue in their Motion to Dismiss the Amended Complaint and in their response to Plaintiff's Motion to Amend so these arguments will not be repeated here. Accordingly, Moving Defendants' Motion to Dismiss should be granted.

### III. **CONCLUSION**

For the reasons which are set forth more fully above, Moving Defendants, Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden, respectfully request that the Court grant the Motion to Dismiss of the Moving Defendants.

                    Respectfully submitted,
                    **HOLSTEN ASSOCIATES, P.C.**

**BY:**   */s/ Suzanne McDonough*
         **SUZANNE MCDONOUGH, ESQUIRE**
         **Attorney ID No. 29394**
         **115 North Jackson Street**
         **Media, PA 19063**
         **(610) 566-7183**
         **Attorney for Defendants, Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden**

## CERTIFICATE OF SERVICE

  I, Suzanne McDonough, Esquire, counsel for Defendants, Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden, hereby states that a true and correct copy of the within Reply to Plaintiff's Response to the Motion to Dismiss the Amended Complaint by the moving defendants was served upon the following individual via United States First Class Mail, postage prepaid, this 7th day of November, 2022.

    Omar Wilson
    1371 W. 9th Street, Apt. A
    Chester, Pa. 19013

     and

    **2012 HARRIS ST**
    **CHESTER, PA 19013**

    Pro se plaintiff


        **HOLSTEN ASSOCIATES, P.C.**

 **BY:** **/s/Suzanne McDonough**
      **SUZANNE MCDONOUGH, ESQUIRE**
      **Attorney ID No. 29394**
      **115 North Jackson Street**
      **Media, PA 19063**
      **(610) 566-7183**
      **Attorney for Moving Defendants, Chester Township, Chief Coalson, Sergeant Dixon, Officer Raymond M. Lare, Officer Merrit J. Harman and Tamara Paden**